**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brady-Marshall Brewer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Discover Financial Services,<br><br>　　　　Defendant. | No. CV-22-01075-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Brady-Marshall Brewer's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denies without prejudice.

"Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where [he] submits an affidavit stating that [he] lacks sufficient funds and where [his] suit is not frivolous or malicious." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). To proceed in forma pauperis ("IFP"), an applicant must provide definite and specific financial information to establish the requisite level of financial need. *Id.* ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff submitted the District of Arizona's standardized "short form," in which he is required to describe any "thing of value" he owns and to list its "approximate value."

(Doc. 2 at 2.) Rather than following this direction, Plaintiff wrote, "Pursuant to the 14th Amendment of the US Constitution, justice is not for sale." (*Id.*) Furthermore, in the section of the form regarding income, although Plaintiff checked boxes indicating that he has no sources of income, this section also includes a statement that "justice is not for sale." (*Id.* at 1.) The questions regarding Plaintiff's monthly expenses and other financial obligations are all left blank. In short, Plaintiff's affidavit fails to explain how much money Plaintiff spends each month, how that money is spent, and how much money he has available to him to pay for these expenditures.

Plaintiff's repeated assertion that "justice is not for sale" pursuant to the Fourteenth Amendment seems to suggest that Plaintiff believes filing fees are inherently unconstitutional. They are not. *See generally Taylor v. Delatoore*, 281 F.3d 844 (9th Cir. 2002) (filing fee provisions were enacted to provide "economic disincentives to filing meritless cases"); *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (proceeding IFP "is a privilege, rather than a right"). Litigation has inherent costs, and when a plaintiff does not pay a filing fee, the public must cover those costs. The Court has the "power to protect the public" from paying the "heavy costs" of litigation except when necessary because a plaintiff lacks the financial ability to cover the cost of a non-frivolous lawsuit. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948).

Plaintiff may submit a renewed application to proceed IFP that indicates with specificity the amounts and sources of money available to him, the value of his assets, and the amount he spends each month on various expenditures, broken down by category, such as housing, transportation, food, and recreation. Plaintiff is encouraged to make use of the District of Arizona's "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("IFP Application Form"), available at https://www.uscourts.gov/sites/default/files/ao239_1.pdf.

The Notice to Self-Represented Litigants (Doc. 5) provides additional helpful information. Plaintiff is directed to carefully review these materials.

Accordingly,

1 **IT IS ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 2) is **denied without prejudice**. Plaintiff must file a new application in accordance with this order or pay the filing fee by **July 28, 2022**.

**IT IS FURTHER ORDERED** that the Clerk of Court dismiss this action without prejudice if Plaintiff fails to file a new application for leave to proceed *in forma pauperis* or pay the filing fee by **July 28, 2022**.

Dated this 28th day of June, 2022.

Dominic W. Lanza
United States District Judge